■ AUGUST BOHL CONTRACTING COMPANY, INC., et al., Respondents-Appellants, v. DEPOT CONSTRUCTION CORPORATION et al., Appellants-Respondents.— Cross appeals (1) from an order of the Supreme Court, entered February 7, 1972 in Albany County, upon a decision of the court at a Trial Term, and the judgment entered thereon and (2) a supplemental order of the Supreme Court, entered February 23, 1972 in Albany County, upon the same decision of the court, and the judgment entered thereon. Defendant Depot Construction Corporation and Barnaby Concrete Corporation (hereinafter referred to as Depot-Barnaby), as a joint venture, contracted with the State of New York to do the general construction work required for the foundations of the legislative and judicial buildings of the South Mall in Albany. Thereafter, Depot-Barnaby subcontracted certain of the work to plaintiff, August Bohl Contracting Company, Inc., and Cooley Contracting Company, Inc. (hereinafter referred to as Bohl-Cooley), as a joint venture, for a fixed contract price. Following the completion of the subcontracted work, a lien was filed with the State by Bohl-Cooley and, thereafter, this action was commenced to enforce such lien and for judgment against defendant for any deficiency remaining. Attached to the complaint was a verified bill of account setting forth four subdivisions of claims. The trial court permitted a further supplemental amended complaint to be served by plaintiff after the trial had commenced, bringing in Depot Construction Corporation (hereinafter referred to as Depot) as an individual defendant and alleging a cause of action against Depot in quasi contract. Depot-Barnaby appeals from so much of the orders and judgments as awarded plaintiff $63,800, with interest, on a delay claim; from the awarding of interest on the sum of $49,551, representing retained percentages plus two small adjustments under the plaintiff's subcontract; and insofar as the court declared that plaintiff have a valid lien on an amount representing claims D 4, D 17 and D 18. Bohl-Cooley cross-appeals from so

much of the same orders and judgments as dismissed its "Group A" and "Group B" claims. We will consider these appeals as listed seriatim. Depot-Barnaby asserts that plaintiff is not entitled to share in the amount received by it from the State as an equitable adjustment of its claims for delays (claims D 1 and D 2), pursuant to section 10 of the Public Buildings Law (L. 1969, ch. 328). In obtaining this money from the State, Depot-Barnaby maintained that part of the extra costs due to the delays was money it would owe to its subcontractors due to their increased costs. We conclude that the statute was intended for the benefit of subcontractors, as well as contractors. The statute's effect is to negate any contractual assignment of delay risks agreed to between contractor and subcontractor and provide in its place that the State will bear the expense of the State-caused delays. In view of clause 41 of the plaintiff's subcontract Depot-Barnaby was permitted to present Bohl-Cooley's claim against the State. The fact that the subcontract placed the burden for any extra costs caused by delay upon Bohl-Cooley is immaterial. We conclude that the trial court properly awarded judgment to Bohl-Cooley against Depot-Barnaby for the amount of this delay claim. Depot-Barnaby next asserts that the trial court erred in awarding interest on the amount of $49,551, contending that, since this amount was tendered to Bohl-Cooley in the form of a check which was thereafter certified by plaintiff, that certification constituted acceptance and, therefore, discharged any further liability with respect to payment of the subcontract balance, citing section 3–411 of the Uniform Commercial Code. With this contention we do not agree. Due to the restriction on the check that an indorsement would amount to an acknowledgement that the check was in full payment of all claims under the contract, Bohl-Cooley could not cash the check. Its sole recourse was certification, but no funds were transferred thereby. Since Depot-Barnaby included such a restriction on the check, in our opinion it was proper and within the trial court's discretion to award interest on this amount. With respect to Depot-Barnaby's contention that plaintiff did not establish a prima facie case concerning claims D 4, D 17 and D 18, we conclude from an examination of the entire record and exhibits that the judgment as to claims D 4 and D 18 should be affirmed. As to the D 18 claim, the trial court's order merely assures that, as to any amount paid to Depot-Barnaby by the State in connection with this claim, such amount must be paid to Bohl-Cooley. As to the D 17 claim, we find insufficient evidence and conclude it should not have been adjudged valid. Next we will consider plaintiff's cross appeals. On its Group A claim, Bohl-Cooley contends that defendant Depot wrongfully submitted plaintiff's gravel delivery tickets for payment to the State under Depot's contract with the State on another South Mall project. Bohl-Cooley maintains that, although it had no connection with the contract, it should recover against Depot on the theory of quasi contract since such materials were delivered by Bohl-Cooley and the State paid Depot for them, all to Depot's benefit and unjust enrichment. The trial court dismissed this claim, finding that "there was no contract between the parties for delivery of gravel, slag or stone." Although the finding that there was no contract for material, labor and services between Bohl-Cooley and Depot is not fatal, in our opinion, the proof falls short of establishing plaintiff's cause of action in quasi contract against Depot, and the dismissal of this claim must, therefore, be affirmed. As for the Group B claim, which was for work allegedly done by Bohl-Cooley pursuant to its subcontract with Depot-Barnaby, the trial court also found that there was no contract between the parties. The subcontract made provision for modification of the work to be performed. Thus, it is Bohl-Cooley's contention on this appeal that Depot-Barnaby ordered it to excavate certain piles

which had been driven too low by another subcontractor; that it performed this work and should be paid therefor as extra work under its contract. There is little proof, however, of such an order. On the record before us, the weight of evidence supports the conclusion that Bohl-Cooley was not ordered to correct the pile defects, but rather it was the subcontractor which originally performed the pile work. Nor was the proof sufficient to establish that Bohl-Cooley actually did the corrective work. Consequently, this claim was correctly dismissed. Finally, since plaintiff failed to supply an adequate appendix in regard to its cross appeal, costs of the supplemental appendix furnished by Depot-Barnaby are awarded to it against Bohl-Cooley (CPLR 5528, subd. [e]). Orders and judgments, insofar as appealed from, modified, on the law and the facts, so as to vacate that part of the order and judgment entered on February 7, 1972 which adjudged Bohl-Cooley's claim designated as D 17 valid and awarded judgment against defendant Depot-Barnaby in such final amount, if any, as is fixed and allowed for payment by the State, and, as so modified, affirmed, without costs, except that the costs of the supplemental appendix filed by appellants-respondents are awarded to it against respondents-appellants. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.