OPINION OF THE COURT
Roger J. Miner, J.
On December 19, 1967, petitioner entered into a contract with the State of New York to construct the main platform, health department laboratories and meeting center superstructure at the Albany South Mall project for the sum of $97,777,000. As the result of various delays, it became impossible to complete the construction within the time specified in the contract. Consequently, pursuant to section 10 of the Public Buildings Law, petitioner and the State, on January 1, 1971, entered into a modification of contract, providing for a cost plus fixed fee basis for payment.
Section 10 of the Public Buildings Law provides for equitable adjustment of the various contracts awarded for construction at the South Mall project where the Commissioner of General Services "has determined that the performance of all *901 or any part of the work has been suspended, delayed, or interrupted for an extraordinary and unreasonable period of time by an act or omission of the state not expressly or impliedly authorized by the contract”. By various amendments, the effective period of this statute was extended to December 31, 1977. (L 1969, ch 328; L 1973, ch 783; L 1976, ch 651.)
Pursuant to the provisions of the statute and the modification of contract with the State, petitioner is entitled to submit claims by its subcontractors for equitable adjustment. Apparently, there have been several agreements for adjustment of claims submitted by petitioner on behalf of its subcontractors. Claims totaling $538,000 made by petitioner on behalf of 11 of its subcontractors presently are outstanding, having been submitted prior to December 31, 1977. A claim for further equitable adjustment by petitioner on its own behalf, submitted prior to December 31, 1977, also is outstanding.
By letter dated July 11, 1977, respondent commissioner advised petitioner that equitable adjustment agreements could be executed subsequent to December 31, 1977, provided that the delays giving rise to the adjustment applications had occurred before that date and provided that the applications were submitted before that date. By letter dated October 14, 1977, respondent commissioner reversed his position, based upon a determination by respondent comptroller that no further agreements could be executed after the expiration of the statutory authority for equitable adjustments. The position taken by the comptroller is challenged in this proceeding.
The statute subject of this proceeding was designed to avoid litigation arising from increased costs incurred by contractors and subcontractors arising from acts or omissions of the State in the construction of the South Mall project. (Matter of Vermont Marble Co. v Office of Gen. Servs., 42 AD2d 468; Bohl Contr. Co. v Depot Constr. Corp., 42 AD2d 812.) The statute is remedial in nature and should be construed broadly to carry out its intent. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 321.) Moreover, a statutory construction should be adopted which would avoid discrimination between contractors and subcontractors who performed work at the beginning of the South Mall project and those who performed work at the end of the project. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 147.)
Accordingly, the court concludes that equitable adjustment *902 applications may be acted upon by the respondent commissioner subsequent to December 31, 1977 where the applications have been submitted prior to that date and pertain to delays occasioned by the State prior to that date.