In the Matter of the CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant, *v.* ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Respondents.

Third Department, March 10, 1969.

*De Graff, Foy, Conway & Holt-Harris (John T. DeGraff* of counsel), for appellant.

*Jerome Lefkowitz, Martin L. Barr, Jerome Thier* and *Robert J. Miller* for Public Employment Relations Board, respondent.

*Melvin H. Osterman, Jr.,* for State of New York.

*Julius Topol* for Council 50, AFSCME.

*Corcoran & Brady* for Local 30-D, Operating Engineers.

*Louis S. Zappulia* for Safety Officers' Benevolent Assn.

*Arthur J. Harvey* for Capital PBA & Niagara State Park PBA.

*Alan S. Lipman* for NYS Correction Officers Assn., Inc.

*Vladeck, Elias, Frankle, Vladeck & Lewis* for Lodge 2016, IAM.

*Robert H. Jones, III* for NYS Nurses Association & American Physical Therapists Association.

*John R. Harold* for Teamsters Local 456 & BSEIU Local 223.

*Arnold Malech* for Association of NYS Civil Service Attorneys, Inc.

STALEY, JR., J. This is an appeal from a judgment of the Supreme Court at Special Term, entered in Albany County on January 9, 1969, which dismissed a petition in a proceeding under article 78 of the CPLR to review a determination of the Public Employment Relations Board in a representation status dispute, and denied an application to vacate an order issued by such board temporarily restraining the State Negotiating Committee from continuing negotiations with the Civil Service Employees Association pending final certification of representation status.

Following the enactment of the Public Employees' Fair Employment Act (Civil Service Law, art. 14; L. 1967, ch. 392, also known as the Taylor Law), the State Negotiating Committee determined that it would negotiate collectively with three units of State employees and recognized the Civil Service Employees Association to negotiate on behalf of employees of one such unit commonly called the general unit. Employee organizations opposed to the association filed petitions with the Public Employment Relations Board contesting both the establishment of the general unit and the recognition of the association. The board issued an order on November 30, 1967 restraining exclusive negotiations between the State Negotiating Committee and the association until the representation status dispute initiated by the filing of such petitions was resolved, which order was vacated in a prior proceeding in which the statute was construed as " conferring of power on the public employer to recognize and negotiate with employee organizations, untrammeled by representation dispute proceedings until they have been resolved by the Board through certifications of appropriate bargaining units and employee organizations." (*Matter of Civil Serv. Employees Assn.* v. *Helsby,* 21 N Y 2d 541, 548.)

Following extensive hearings upon the petitions filed by the employee organizations opposed to the association, the board, on November 27, 1968, handed down its decision which rejected the general unit designated by the State Negotiating Committee and found five separate units to be appropriate. The question of which job titles should be included in each unit and the ascertainment of the employees' choice of employee organizations as their representatives were reserved pending further proceedings before the board. The association promptly commenced the present proceeding to review such determination by petition and order to show cause issued November 27, 1968. Before service of the petition and order to show cause was effected, the board issued an order, also dated November 27, 1968, in which it ordered the State Negotiating Committee and the association to refrain from conducting further negotiations until the representation status dispute was resolved through certifications of employee organizations for employees in each of the five units.

Respondents moved to dismiss the petition upon the ground that the determination sought to be reviewed is not final within the meaning of subdivision 1 of CPLR 7801, which motion was granted. Special Term also denied the association's application, apparently made upon the argument of the motion to dis-

miss its petition, for judgment vacating the order restraining negotiations between the State Negotiating Committee and the association.

The first issue raised on this appeal is whether the board's determination is subject to judicial review under article 78 of the CPLR. CPLR 7801 provides that article 78 " shall not be used to challenge a determination which is not final or can be adequately reviewed by appeal to a court or some other body or officer ". It is this exception upon which the board relies to defer judicial review.

The board in its decision concluded that in a representative proceeding it was empowered to devise a unit that it deemed most appropriate, although such a unit was not specifically sought by any of the parties. It further held that the general unit designated by the employer was not appropriate and approved five separate units as appropriate. The board contends that its determination is not final and, therefore, the association is not, at this time, free to question the appropriateness of the units it has devised.

The pertinent provisions of the Taylor Law to the issues involved on this appeal read as follows:

" § 205. Public employment relations board. * * * 5. In addition to the powers and functions provided in other sections of this article, the board shall have the following powers and functions * * * (f) To conduct studies of problems involved in representation and negotiation, including, but not limited to * * * (ii) the problems of unit determination * * *.

" § 207. Determination of representation status. For purposes of resolving disputes concerning representation status, pursuant to section two hundred five or two hundred six of this article, the board or government, as the case may be, shall

" 1. define the appropriate employer-employee negotiating units taking into account the following standards:

"(a) the definition of the unit shall correspond to a community of interest among the employees to be included in the unit;

"(b) the officials of government at the level of the unit shall have the power to agree, or to make effective recommendations to other administrative authority or the legislative body with respect to, the terms and conditions of employment upon which the employees desire to negotiate; and

"(c) the unit shall be compatible with the joint responsibilities of the public employer and public employees to serve the public."

It should be noted that subdivision 1 of section 207 of the Civil Service Law provides for the determination of the negotiating unit, while subdivisions 2 and 3 provide for the implementation of the unit for the purpose of certification.

Nothing in the Taylor Law or the CPLR makes the certification of an employee organization a prerequisite to judicial review of the determination establishing separate negotiating units. If that determination is final as to the rights of the parties, with respect to the matter involved, it should be reviewable. The units deemed to be appropriate by the board are as final now as they will be upon certification. The matter involved in this proceeding is the propriety of the recognition of the association as a negotiating representative for the employees of the general unit, as contrasted with the board's determination that the general unit should be divided into five separate negotiating units. The determination mandated by subdivision 1 of section 207 of the Civil Service Law having been accomplished, the procedure provided by statute to implement that determination cannot alter the original determination. Whatever organization may ultimately be certified to represent the employees involved cannot affect the determination with respect to the structure of the five units.

The argument that the determination of the board establishing the five negotiating units should be reviewed only after certification as provided by subdivision 3 of section 207 of the Civil Service Law is contrary to prompt disposition of a dispute where a party is aggrieved as of the moment of the determination.

Judicial review at this time may avoid costly and time-consuming intermediate procedures. There would be no economy in deferring the question of the correctness of the board's determination until after all the proceedings required to ascertain and establish the employee representative for the five proposed units, should the courts ultimately decide that the five units established were not appropriate. Resolution of the issues in this proceeding at the earliest possible moment is in the best interest of the State and its employees. Unless there is some statutory prohibition, there is no reason to defer judicial review. As the Court of Appeals said of a comparable situation in *Long Is. Coll. Hosp.* v. *Catherwood* (23 N Y 2d 20, 36): " A decision that the validity of the board's certification cannot be tested in the court until time-consuming mediation, fact-finding and compulsory arbitration proceedings have been exhausted can only serve to delay a prompt determination of the representation issue — a delay which is not in the interest of the public, the

nonprofitmaking hospitals or the unions, since unresolved representation issues may cause the very strife which the 1963 amendments were enacted to prevent.''

We are here required to construe a unique statutory scheme, one that has as its main purpose the promotion of harmonious and co-operative relationships between government and its employees to protect the public by assuring at all times the orderly and uninterrupted operations and functions of government. Certainly such a statute should be construed with the liberality needed to carry out its public benefit purposes and, therefore, the determination involved should be afforded prompt and effective judicial review.

The board's decision finally and irrevocably rejected the bargaining unit designated by the State Negotiating Committee and determined appropriate alternate units. Such determination is in no sense interlocutory or merely an intermediate procedural ruling incident to the administrative process (cf. *Matter of Carville* v. *Allen,* 13 A D 2d 866), but instead as to such matters it is final and thus reviewable under article 78.

The second issue raised on this appeal is whether or not the board exceeded its authority in ordering the State Negotiating Committee to terminate negotiations with the association until final certification of representation status.

If the board acted in excess of its authority in issuing such order, petitioner is entitled to a judgment vacating and annulling it without regard to the question of finality, because the provisions of CPLR 7801 limiting relief by way of article 78 have no application when the relief sought is in the nature of prohibition. '' Since prohibition involves an attack on the jurisdiction of the court or officer, immediate review is made available without regard to the stage of the proceeding or the ability of the aggrieved party to obtain a later review of the determination.'' (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7801.06, p. 78-13.)

In the prior appeal (*Matter of Civil Serv. Employees Assn.* v. *Helsby,* 21 N Y 2d 541, *supra*) the Court of Appeals clearly rejected the board's assertion of the power to issue temporary cease and desist orders pending the determination of representation disputes (p. 546; see King, The Taylor Act — Experiment in Public Employer-Employee Relations, 20 Syracuse L. Rev. 1, 9 [1968]), and stated that the public employer is entitled to recognize and negotiate with employee organizations until representation status proceedings have been resolved through certification of appropriate bargaining units and employee organizations.

*At this juncture of the present proceedings, the board does not have the power or authority to issue the order restraining negotiations between the State Negotiating Committee and the association (Matter of Civil Serv. Employees Assn. v. Helsby, supra).* Despite the apparent absence of any factual dispute, the dictates of orderly procedure require that the proceeding be remanded to Special Term to permit the service of a responsive pleading (CPLR 7804, subd. [f]), and the entry of an appropriate judgment.

The judgment should be reversed, on the law, without costs: the motion to dismiss the petition denied, and the matter remitted to Special Term for further proceedings not inconsistent herewith.

GIBSON, P. J., HERLIHY, REYNOLDS and COOKE, JJ., concur.

Judgment reversed, on the law, without costs; motion to dismiss the petition denied, and matter remitted for further proceedings not inconsistent herewith.