In the Matter of VERMONT MARBLE COMPANY, Respondent, *v.* OFFICE OF GENERAL SERVICES et al., Appellants.

Third Department, November 8, 1973.

*Louis J. Lefkowitz, Attorney-General* (*Joseph P. McCale* and *Ruth Kessler Toch* of counsel), for appellants.

*Max E. Greenberg, Trayman, Harris, Cantor, Reiss & Blasky* (*Julius L. Schapira* and *Burton M. Marks* of counsel), for respondent.

SWEENEY, J.   This is an appeal from a judgment of the Supreme Court at Special Term, entered February 8, 1973 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the disclosure of certain documents pursuant to section 10 of the Public Buildings Law.

Petitioner is a subcontractor which supplied marble stone masonry to Carlin-Atlas, a general contractor, in connection with the construction of the Albany South Mall project.  Appellants, Office of General Services and its Commissioner, refused to allow petitioner an inspection of the general contractor's documentation of its application for an " equitable adjustment " made pursuant to section 10 of the Public Buildings Law.   Carlin-Atlas and appellant Office of General Services had prior thereto agreed to such equitable adjustment in an amount in excess of $13,000,000.   The instant proceeding was brought against appellants and Carlin-Atlas to compel a disclosure of such application and the supporting documents.   Special Term found that appellants had failed to perform a duty enjoined by law, denied a cross motion to dismiss the petition and granted summary judgment to petitioner.

On this appeal appellants urge three grounds for reversal. They maintain (1) that petitioner lacks standing; (2) that summary judgment should not have been granted since appellants had the right to interpose an answer; and (3) that the proceeding should not have been dismissed against Carlin-Atlas without appellants' consent.

While appellants have not submitted an answer to the petition, they have filed an affidavit with their cross motion which reveals that, in substance, they oppose the petition on its merits, and not solely on points of law.   As we view this case, the issue is one of law only.   From an examination of the entire record we find no factual issues.   Section 10 of the Public Buildings Law, insofar as pertinent, provides: " Any application by a contractor for an equitable adjustment shall recite the grounds upon which relief is claimed, including the nature and circumstances thereof, and the items of damage alleged to have been sustained.   Such application shall be filed in the office of general services and shall be subject to public inspection during regular business hours.   *   *   *   Any agreement so modifying the contract shall state the terms of the agreement, the amount of the

adjustment and the basis therefor. * * * Each such agreement shall be filed in the office of the state comptroller and the office of general services and shall be subject to public inspection during regular business hours." We find this language clear and explicit in its requirement for public inspection, not only of the application submitted by the contractor, but also of the items of damage claimed and the basis for the terms of the agreement. Moreover, it is obvious from a reading of this statute that its purpose and intent was to avoid litigation by equitably adjusting the increased costs incurred by a contractor caused by acts or omissions of the State in the construction of the South Mall project. In the instant case the prime contractor has been awarded a very substantial sum of money pursuant to this statute. At least a portion of that award is moneys due petitioner for increased costs incurred in supplying materials to Carlin-Atlas. In all fairness, petitioner should be permitted to examine the records submitted by Carlin-Atlas as proof of any alleged increased costs to them caused by an increase in price of materials furnished by petitioner. To require petitioner to resort to litigation, as urged by appellants, is, in our opinion, grossly inequitable and contrary to the intent of the statute.

We conclude that petitioner is a proper party to bring this proceeding, and, since there are no questions of fact, Special Term properly granted summary judgment to petitioner on the merits. (See *Matter of Board of Educ. of City of Buffalo* v. *City of Buffalo,* 32 A D 2d 98; see, also, *Matter of Port of N. Y. Auth.* [*62 Cortlandt St. Realty Co.*], 18 N Y 2d 250, 255.) As to the voluntary discontinuance of the proceeding against Carlin-Atlas, appellants raised no objection thereto at Special Term, and, consequently, it may not be considered here.

The judgment should be affirmed, with costs.

STALEY, JR., J. P., GREENBLOTT, KANE and MAIN, JJ., concur.

Judgment affirmed, with costs.