In the Matter of FRANCIS P. TOBIN, SR., et al., Respondents, v ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, et al., Appellants.

Third Department, July 24, 1975

*W. Bernard Richland, Corporation Counsel (William J. Callahan* of counsel), for appellants.

*Kalter & Gottlieb (Michael R. Gottlieb* of counsel), for respondents.

REYNOLDS, J. Petitioners brought this proceeding to obtain judgment pursuant to CPLR article 78 ordering appellants to map their riparian premises on the Delaware River in Sullivan County, New York, downstream below Skinners Falls.

Appellants moved to dismiss the petition herein on the ground the Supreme Court has no power to direct them to institute a condemnation proceeding. The court was correct in denying this motion. The Supreme Court has jurisdiction in an appropriate case to order a public official or public board to proceed to condemn a petitioner's property taken for a public purpose (CPLR 7801, 7802, 7803; *People ex rel. Burhans v City of New York,* 198 NY 439; *Matter of Robinson v Board of Supervisors of County of Delaware,* 257 App Div 894, Ann. 91 ALR2d 991).

In *Matter of Delaware County Elec. Coop. v City of New York* (99 NYS2d 42, revd 278 App Div 526, revd 304 NY 196), in a comparable situation, the court said at page 47: "A proceeding in the nature of mandamus is a proper remedy in a controversy of this kind. It has been used to enforce rights

arising out of condemnation of property and its use has met with approval by the courts of this State."

When Special Term denied appellants' motion made pursuant to CPLR 7804 (subd [f]) it should, however, have granted leave to appellants to answer (CPLR 7804, subd [f]). Special Term was not justified on the instant record in deciding the case on the merits in disposing of the motion to dismiss the petition.

Subdivision (f) of CPLR 7804 provides in part: "Objections in point of law. The respondent may raise an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition, made upon notice within the time allowed for answer. If the motion is denied, the court shall permit the respondent to answer, upon such terms as may be just; and unless the order specifies otherwise, such answer shall be served and filed within five days after service of the order with notice of entry."

The statute mandates an opportunity to appellants to serve an answer. Numerous cases recognize this absolute right of a respondent to answer after denial of a motion to dismiss under CPLR 7804 (subd [f]). (*Matter of Board of Educ. of City of N. Y. v Nyquist,* 37 AD2d 642, affd 31 NY2d 468; *Matter of Sibarco Stas. v Risman,* 34 AD2d 890; *Matter of Posner v Rockefeller,* 33 AD2d 683, affd 25 NY2d 720; *Matter of Civil Serv. Employees Assn. v Helsby,* 31 AD2d 325, affd 24 NY2d 993.) Only *Matter of Vermont Marble Co. v Office of Gen. Servs.* (42 AD2d 468) is to the contrary and it involved solely a limited question of law and not, as here, a question of law and fact.

It is, of course, possible that the appellants have no defense to the petition. However, the court cannot speculate on that possibility and use the speculative conclusion as a basis of granting judgment for petitioners without an answer and without a trial or a determination that a trial is unnecessary. Special Term appears to have treated appellants' motion under CPLR 7804 (subd [f]), raising an objection in point of law, as though it were a motion for summary judgment and then proceeded to grant summary judgment in favor of petitioners, as authorized by CPLR 3212 (subd [b]). The record does not justify this procedure, particularly in view of the clear mandate of CPLR 7804 (subd [f]).

The City of New York, pursuant to chapter 51 of title K of the Administrative Code of the City of New York, did initiate

condemnation proceedings and mapped the Delaware riparian property in Sullivan County near, but above Skinners Falls, which is approximately 70 miles below the Pepacton Reservoir. Petitioners' property appears to be located below Skinners Falls about 94 miles below Pepacton Reservoir. It does not necessarily follow that, because the City of New York concluded condemnation proceedings were necessary because there was a taking of riparian rights above Skinners Falls, there was a compensable taking of property 24 more miles below Skinners Falls. Special Term did not determine that petitioners had been damaged, but stated that "whether or not the water has been changed as to adversely affect the riparian properties in the Counties of Sullivan and Orange is, pursuant to the Water Supply Act, a question for Commissioners of Appraisal."

The judgment should be modified, on the law and the facts, without costs, by vacating so much thereof as requires that appellants map the petitioners' premises and apply for the appointment of Commissioners of Appraisal, and by adding thereto a provision granting appellants leave to answer within 20 days after service of a copy of the order to be entered herein with notice of entry, and, as so modified, affirmed.

HERLIHY, P. J., SWEENEY, KANE and LARKIN, JJ., concur.

Judgment modified, on the law and the facts, without costs, by vacating so much thereof as requires that appellants map the petitioners' premises and apply for the appointment of Commissioners of Appraisal, and by adding thereto a provision granting appellants leave to answer within 20 days after service of a copy of the order to be entered herein with notice of entry, and, as so modified, affirmed.