MARSH, P. J., MOULE, DILLON, GOLDMAN and WITMER, JJ., concur.

Order of censure entered.

In the Matter of EDITH DeVITO et al., Respondents, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Appellants.

Third Department, February 24, 1977

*Robert D. Stone (Lawrence W. Reich* and *James H. Whitney* of counsel), for Ewald B. Nyquist, appellant.

*Eugene J. Fox (Arthur J. Doran, Jr.,* of counsel), for Board of Education of the City of Yonkers, appellant.

*Rebell, Krieger, Fischbein & Olivieri (Michael A. Rebell* of counsel), for respondents.

MAHONEY, J. On June 20, 1976, appellant Board of Education of the City of Yonkers (board) in response to a comprehensive plan to reduce expenditures caused by a fiscal crisis faced by the City of Yonkers, the school district being fiscally dependent upon the city, closed seven schools, including School 15, pursuant to the recommendation of the superintendent of schools. The reasons given by the superintendent and adopted by the board for the closing of School 15 included the small enrollment of pupils, the low utilization of the building, the age of the structure, the size of the site and the need for substantial funds to maintain the school. The board acted after holding four public hearings and the receipt and study of written comments concerning the recommendations of the superintendent.

Petitioners, parents of children attending School 15, appealed the board's decision to the Commissioner of Education (Education Law, § 310) alleging that the board had failed to give substantial consideration to the safety of pupils who would be caused to walk large distances over heavily traveled streets and roads that were dangerously hilled and curved and were not located between sidewalks that could afford safe pedestrian walkways. The commissioner affirmed the board's decision stating there was no basis in the record for concluding that the board did not consider the issue of safety. Petitioners commenced an article 78 proceeding to annul and vacate the commissioner's determination. Appellant Nyquist filed an answer. Appellant board did not answer but moved to dismiss the petition as a matter of law (CPLR 7804, subd [b]) on the ground that the proceeding was barred by the four-month Statute of Limitations (CPLR 217). Special Term denied appellant board's motion to dismiss, but did not afford the board an opportunity to answer. An order was entered (a) remitting the matter to the commissioner and the board, and (b) directing that the board either reopen School 15 or hold a hearing with respect to the issue of pupil safety and that

petitioners be afforded the right to appear by counsel, offer proof and cross-examine adverse witnesses. This appeal ensued.

Appellant board's contention that Special Term should have dismissed the petition as to it because of the four-month Statute of Limitations is without merit. Since section 310 of the Education Law provides that persons aggrieved may appeal to the Commissioner of Education and, further, when the substantive issue is factual rather than legal, as here, the person aggrieved must exhaust the administrative avenues of appeal before resort to the courts can be maintained (*Matter of Lezette v Board of Educ., Hudson City School Dist.*, 43 AD2d 755, mod on other grounds 35 NY2d 272. See, also, CPLR 7801, subd 1).

Next, appellant board argues that Special Term erred in not affording it an opportunity to serve an answer after its motion to dismiss on a point of law was denied. While it is true that subdivision (f) of CPLR 7804 clearly states that if a motion by a respondent on a point of law is denied, the court shall permit the respondent to answer, it does not necessarily follow that such relief must be given in all circumstances. This court in *Matter of Kane v New York State Dept. of Correction* (21 AD2d 919, 920) stated "that leave to serve an answer should be refused only if it clearly appeared that no issue existed which might be raised by answer concerning the merits of the petitioner's application." Herein, since it is clear that Special Term was fully informed of all issues and it appearing that appellant board could not have raised any defenses which were not contained in appellant commissioner's answer, no purpose would be served by remitting to Special Term for service of answer by the board.

We turn now to the question of whether Special Term's order and judgment of remittal is correct.

Clearly, the board, by statute, has the power, authority and responsibility to administer the affairs of the Yonkers School District (Education Law, § 1709, subd 33). Moreover, it has been held that boards of education have broad discretion in the assignment of pupils to schools (*Matter of Older v Board of Educ.*, 27 NY2d 333, 337). In the exercise of that discretion a board does not act quasi-judicially requiring hearings and a record of its findings supported by substantial evidence. Rather, the board acts administratively requiring only that the determination have a rational basis (cf. *Matter of Older v*

*Board of Educ., supra*, p 337; *Matter of County of Cayuga v McHugh,* 4 NY2d 609, 613).

A review of the board's determination and that of the commissioner must begin with the recognition that School 15 was only one of seven elementary schools that were closed in furtherance of a fiscal plan adopted as part of a city-wide scheme to meet a fiscal crisis of such proportions that emergency State legislation (L 1975, ch 871) was required to create an Emergency Financial Control Board for the City of Yonkers. The fiscal plan formulated was designed to bring revenues and expenditures of the city into balance by July 1, 1977, and, to that end, reduce the appropriation by the city to the school district for the 1976-1977 school year by $6.6 million. Appellant board assigned to its superintendent of schools the duty of inquiry, study and report as to the best manner it could respond to meet the crisis. The superintendent submitted an extensive report wherein he comprehensively reviewed the ability of the school system to meet the needs and requirements of the city's children and reluctantly concluded, after thoroughly exploring every alternative, that he had to recommend the closing of seven schools, including School 15. Both the superintendent's report to the board and his affidavit in support of appellant board's position reveal that in the course of his study and before the preparation of his report to the board, he asked for and received written comments from the citizens of Yonkers. Next, four public hearings were held by the board at which all interested persons, including parents of children attending School 15, were afforded an opportunity to voice their objections to the superintendent's recommendations, including those based on safety. That these meetings were raucous and noisy, as alleged by respondents, is no doubt true. However, disharmony often underscores the sincerity of those voicing objections. In any event, the meetings provided the vehicle through which petitioner parents requested consideration of safety hazards which request resulted in one board member accompanying petitioners on a "safety walk" while two other board members along with the Director of Elementary Education drove over the objectionable routes students would be required to walk to attend newly assigned schools.

In this context it cannot be said that appellant board was not aware of petitioners' complaints with respect to safety, nor that the board did not consider the safety factors in reaching its conclusion to close School 15. Further, since the City of

Yonkers does not provide bussing for any of its pupils, the decision to close School 15 did not necessitate walking to school by students previously bussed but only required walking over different and longer routes. Even if we assume that the changed routes presented some traffic hazards, that is a matter that can and should be handled administratively without requiring the reopening of School 15 and thereby vitiating a comprehensive plan to alleviate the fiscal distress of the entire Yonkers' school system (*Matter of Older v Board of Educ., supra,* p 338).

In reaching its conclusion the board exercised delegated discretion in a purely administrative matter not requiring formal hearings or that its deliberations be memorialized in a record. The commissioner's affirmance indicates a thorough review of the same relevant factors that guided the board. There need only be an adequate showing in the papers submitted both in support and in opposition to the relief requested that "the board had a rational basis for its discretionary action and that it had met the requirement that its decision must be an informed one." (*Matter of Taub v Pirnie,* 3 NY2d 188, 194-195.) In our view the board's decision and the commissioner's opinion affirming the same possess the requisite degree of rationality that compels affirmance (*Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269; *Matter of Howard v Wyman,* 28 NY2d 434).

The order and judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

KOREMAN, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Order and judgment reversed, on the law and the facts, and petition dismissed, without costs.