■ In the Matter of BAYSWATER HEALTH RELATED FACILITY, Respondent, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered August 23, 1976 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of respondent rescinding its conditional approval of the establishment of petitioner's health related facility. On April 23, 1971 a partnership doing business as Bayswater Health Related Facility (hereinafter Bayswater) was granted approval by the Public Health Council of the State of New York (hereinafter Council) for the establishment of a 220-bed health related facility (Public Health Law, § 2801-a). The approval was contingent upon the partnership filing with the Council a mortgage commitment within 120 days of the date of approval for construction. On December 12, 1972 the commissioner approved construction (Public Health Law, § 2802). A mortgage commitment was not filed. In December, 1973 an application was made to the Department of Health for approval of the sale of the partnership interests of two of the three partners. Though staff personnel recommended approval of such sale, no formal approval was given by the department. In February, 1975 the Council notified Bayswater that its failure to file the mortgage commitment constituted a withdrawal of its application for construction and, accordingly, the approval heretofore granted was a nullity. Thereafter, apparently in response to a decision of the Court of Appeals in *Matter of Bayswater Health Related Facility v Karagheuzoff* (37 NY2d 408), which restored Bayswater's building permit that had been revoked by the City of New York, the Council informed Bayswater that its contingent establishment construction approval had been reinstated on the condition that there be "demonstrated by the applicant no later than 45 days of the date of this letter that construction of the building is proceeding". The letter from the Council made no mention of the previously-required mortgage commitment. Bayswater, in reliance upon the reinstated conditional approval, incurred obligations and made investments of approximately $1,500,-000 in proceeding with construction to the extent that by January, 1976 the entire perimeter of the facility was constructed to a height of four feet, elevator casings were installed, underground plumbing was completed and subcontracts were let. Yet, shortly before January 1, 1976, specifically December 19, 1975, the Council reviewed the matter and advised Bayswater that its application and conditional approval was determined to be "withdrawn" and, further, that the application for approval of the sale of the interest of two of the partners was likewise "deemed withdrawn". After Council's refusal to reconsider, Bayswater commenced an article 78 proceed-

ing which culminated in the judgment appealed from. Appellants (department, Council and commissioner) contend that (1) the petitioner lacks standing to maintain this proceeding, (2) the motion court should have allowed them to serve an answer after denying their motion to dismiss the petition as a matter of law, (3) the Council's action was reasonable and premised on a rational basis, and (4) Bayswater was not entitled to a hearing since its application and conditional approval was "withdrawn" and not disapproved by the Council. The standing issue can be disposed of summarily. Appellants do not challenge the fact that petitioner is a partnership. As such, it may sue or be sued in the partnership name (CPLR 1025; *Riviera Congress Assoc. v Yassky*, 25 AD2d 291, affd 18 NY2d 540). Whether a partnership may or may not obtain council approval for establishment construction, dependent on the financial health of the individual partners (Public Health Law, § 2801-a), has absolutely nothing to do with the standing of the partnership to commence and maintain an action or special proceeding. Next, appellants' reliance on this court's decision in *Matter of Tobin v Ford* (49 AD2d 83) to support their argument that CPLR 7804 mandates that they should have been permitted to answer after their motion to dismiss was denied is misplaced. *Tobin* stands for the principle that if there are questions of law and fact to be determined, a party which unsuccessfully moves to dismiss the petition must be permitted to answer. However, when, as here, there only remain questions of law, the resolution of which are dispositive, then the matter can be concluded without providing an opportunity for answer *(Matter of Vermont Marble Co. v Office of Gen. Servs.*, 42 AD2d 468, 469; *Matter of Board of Educ. v City of Buffalo*, 32 AD2d 98, 101). Since both sides concede that a mortgage commitment was not filed by petitioner, the effect of such nonfiling is a question of law, not fact. Similarly, the effect of petitioner's commencing construction in reliance on the letter of July 18, 1975 is legal, not factual in nature. The letter was clear and precise and a reading of the same clearly conveys the impression that while petitioner was not relieved of its obligation to file a mortgage commitment, there no longer existed any specific period of time within which it had to comply. No other questions of fact were pointed out by appellants. Therefore, it was proper for Special Term to proceed to the merits without affording appellants an opportunity to answer. We turn now to the substantive issue of whether appellants, specifically the Council, acted arbitrarily and capriciously in determining that petitioner by not submitting a mortgage commitment had "abandoned" or "withdrawn" its application for establishment approval. Appellants, by their own admission, had afforded Bayswater "multiple * * * extensions of time in which to provide the required mortgage commitment". Yet, the last notice of reinstatement of a conditional approval of petitioner's project was premised solely upon evidence of construction within 45 days and made no mention of the filing of a mortgage commitment. While it can be argued that the last notice did not specifically relieve petitioner from the obligation of filing such a commitment, it can also be said that the notice did not set forth any time span within which such commitment had to be filed. Further, the Council's action in deeming petitioner's application "withdrawn" cannot be disassociated from its multiple extensions of time to file the mortgage commitment. It would be inequitable to permit the Council to exercise its discretionary function to withhold approval because of delay while ignoring the condonation of that delay by the Council. This is particularly true when, as here, there has been large expenditures and contracting liabilities incurred by petitioner on the strength of the last extension of time conditioned solely on

proceeding with construction (see *Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, affd 32 NY2d 796, cert den 414 US 1004). To permit "withdrawal" of petitioner's application after it completely honored the Council's last directive would make that directive a meaningless gesture and be tantamount to a judicial "shrug" at the expenditures incurred in reliance thereon. Clearly, in our view, the action of the Council in deeming petitioner's application to be "withdrawn" was an arbitrary and capricious act requiring annulment. Next, appellants' contention that petitioner's application was "withdrawn" and not disapproved, thereby obviating the necessity for a public hearing as requested by petitioner and as provided by subdivision 2 of section 2801-a of the Public Health Law, is more akin to fantasy than reality. The Council consistently referred to the application of petitioner as having been "approved". The reinstatement letter of July 18, 1975, signed by the deputy commissioner, stated: "This project is *approved* for 220 health related facility beds * * * This *approval* is contingent upon demonstration by the applicant no later than 45 days of the date of this letter that construction of the building is proceeding". (Emphasis supplied.) Since it is clear that contingent approval had been given, the Council could either approve the application or disapprove it and afford the applicant the *opportunity to request a public hearing* (Public Health Law, § 2801-a, subd 2). It did neither. Lastly, since appellants' papers are devoid of any allegations that the sale of the partnership interests by two of the three original partners to two new partners was inimical to the public interest, generally, or to the subject establishment construction, specifically, and, further, since appellants do not deny that the two new partners are financially sound and that appellants' staff has recommended the approval of the application for transfer of the partnership interests, and since appellants have consistently dealt with the partnership as if the application for transfer of partnership interests had been approved, we conclude that the unwarranted withholding of approval for such transfer of interests was arbitrary and capricious. Judgment modified, on the law and the facts, by directing the Council to approve the application for transfer of partnership interests to the two new partners and, further, to make the conditional approval final if petitioner files a mortgage commitment with appellants within 120 days of the entry of the order herein, and, as so modified, affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.