■   In the Matter of DAVID B. BARNES, et al., Respondents, v EDWARD C. MAGUIRE et al., Constituting the Board of Water Supply of the City of New York, Appellants.—Appeal from an order and judgment of the Supreme Court at Special Term, entered November 9, 1976 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted a motion by petitioners for summary judgment and directed appellants to map petitioners' premises and to apply for the appointment of Commissioners of Appraisal. Petitioners are the owners of real property in Sullivan County which is riparian to the Delaware River. In connection with the construction of two dams on the river, the Pepacton on the East Branch and the Cannonsville on the West Branch, the City of New York condemned the land riparian to the river from the point of the reservoirs to Skinners Falls, which is approximately 70 miles below the Pepacton Reservoir and 56 miles below the Cannonsville Reservoir. The Barnes property is below Skinners Falls, approximately 74 miles below the Pepacton and 60 miles below the Cannonsville. The Mills property, also below Skinners Falls, is about 90 miles below the Pepacton and 75 miles below the Cannonsville. Chapter 51 of title K of the Administrative Code of the City of New York empowers the Board of Water Supply to acquire land under its mandate to supply the city with drinking water. The Board of Water Supply is required to submit plans for meeting the city's water needs to the Board of Estimate and, upon the latter board's approval of maps of a new area of water supply, the Corporation Counsel must apply to the Supreme Court in the appropriate county for the appointment of commissioners of appraisal. This appeal raises issues as to the roles of these administrative bodies and of the courts in this condemnation process. This is the second appeal involving the properties in question to come before this court. In *Matter of Barnes v Maguire* (49 AD2d 666), we modified an order of Special Term directing the Board of Water Supply to map the lands of these petitioners. The modification, among other directions, required Special Term to allow the Board of Water Supply to submit an answer in accordance with our decision in *Matter of Tobin v Ford* (49 AD2d 83). The *Tobin* case also concerned an application by owners of riparian property on the Delaware River below Skinners Falls for mandatory condemnation of their premises. We held that although Special Term had properly denied a motion to dismiss brought by the Board of Water Supply on the ground that the Supreme Court did not have the power to direct the institution of a condemnation proceeding, the court should have granted leave to the said board to serve an answer under CPLR 7804 (subd [f]). We made no determination as to whether a defense to the petition

existed. In granting summary judgment to the property owners after issue had been joined by the appellants, Special Term concluded "that the affidavits and proof of the parties hereto establishes that the petitioners have been damaged". In arriving at this conclusion, the court placed considerable reliance upon a consent order which the appellant board executed in settlement of a lawsuit involving two parcels of land, known as the Kestler parcels, which are approximately eight miles downstream from the Barnes property and eight miles upstream from the Mills property. This order, entered October 6, 1967 in Sullivan County, provided, among other things, that the claims as to said parcels be tried before commissioners of appraisal, but that the order and the consent thereto were without prejudice to the said board's right to oppose future petitions. The commissioners awarded damages in the sums of $3,000 and $2,500 for the respective parcels. The awards were confirmed by this court (Matter of Maguire [Wingert], 48 AD2d 958, mot for lv to app den 37 NY2d 712). Special Term stated that, while it did not consider said order to be an admission against interest, "the fact that money damages were allowed by the Commissioners and affirmed by the courts must be considered as some evidence of damages downstream from Skinner's Falls and from petitioners properties". We conclude that Special Term erred in giving undue weight to the fact that, pursuant to the consent order, awards were made for damages to the Kestler parcels. We note that the order was entered into by the appellant as part of a compromise of claims involving several other riparian properties. The order specifically limited the appellant's admission of damages, and reliance upon any award entered under it as evidence of injury to the properties of respondents violates its spirit and intent (Richardson, Evidence [10th ed], § 225). In addition, to conclude that there was damage to the properties in question merely because a determination had been made that other properties had been damaged violates the general principle that each condemnation proceeding must be judged by its own peculiar facts and circumstances (Matter of Board of Water Supply of City of N. Y., 277 NY 452). In this context, appellant asserts in its brief that in a recent report commissioners have refused to allow any damages to two parcels upstream from Skinners Falls. Our examination of this record reveals issues of fact as to whether petitioners' properties have been damaged which should be tried forthwith under CPLR 7804 (subd [h]). Only after a decision upon this threshold question of whether there has been damage to the property in question and, therefore, a condemnation does the Supreme Court have the jurisdiction to direct the Board of Water Supply to proceed with the condemnation (see Matter of Tobin v Ford, supra). The Supreme Court, in making such determination, must adhere to the procedures, including a trial of triable issues of fact, set forth in CPLR 7804. Order and judgment reversed, on the law, without costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr. and Larkin, JJ., concur.