In the Matter of CARMEN COTRONEO et al., Appellants, v JOSEPH B. KLEIN et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.

Second Department, May 29, 1978

## APPEARANCES OF COUNSEL

*Leonard F. Rothkrug* for appellants.

*Allen G. Schwartz, Corporation Counsel (L. Kevin Sheridan* of counsel), for respondents.

## OPINION OF THE COURT

SHAPIRO, J.

 The issue here, one of first impression, is whether section 668 of the New York City Charter requires that review of a denial of a variance by the Board of Standards and Appeals must be sought, in the first instance, by appeal to the Board of Estimate. We hold that it does not and that an applicant may seek direct review in the courts pursuant to CPLR article 78 without having appealed to the Board of Estimate.

### FACTS

On April 6, 1976 petitioners filed an application with the Board of Standards and Appeals for a use variance for property located at 101-02 Brisbin Street, Jamaica, Queens (which is in an R-4 district); the proposed use was as a concrete contractor's yard and garages. Public hearings were held and, on February 1, 1977, the board denied the requested variance by a vote of three to two.

On February 28, 1977 petitioners commenced this CPLR article 78 proceeding to review that determination. Respondents cross-moved to dismiss the proceeding "upon the grounds that the petitioners have not exhausted administrative remedies available to them". Based on the provisions of section 668 of the New York City Charter, which became effective on January 1, 1977, Special Term granted respondents' cross motion. We reverse and reinstate the petition.

### THE STATUTE

At the general election held on November 4, 1975, the voters of New York City approved certain amendments to the New York City Charter, including the addition of the present section 668 (entitled "Variances"). The relevant provisions of subdivision c thereof, relating to decisions by the Board of Standards and Appeals, state: "Within thirty days of such decision, an appeal may be taken to the board of estimate by an applicant or other interested party, community board or

borough board. In the event of an appeal, the board of estimate, in its discretion, *may* accept jurisdiction in such matter within thirty days after the filing of the appeal and shall render a decision within thirty days after accepting jurisdiction. In the case of an application to determine and vary the building zone resolution, review by the board of estimate shall be limited to an administrative determination as to whether the decision of the board of standards and appeals under each of the specific requirements of the zoning resolution was supported by substantial evidence before the board of standards and appeals. The board of estimate may approve or disapprove such decision and shall provide written findings and an explanation of the basis for its decision under the zoning resolution" (emphasis supplied). Subdivision d states: "Any decision of the board of standards and appeals or of the board of estimate pursuant to this section may be reviewed as provided by law."

## THE DECISION AT SPECIAL TERM

Special Term held that since petitioners failed to appeal to the Board of Estimate, they had not exhausted their administrative remedies. It held that the new charter provision did *not* provide "merely an alternative appeal right".

## THE LAW

It is undisputed that prior to the enactment of section 668 of the New York City Charter a denial of a variance by the Board of Standards and Appeals was reviewable in an article 78 proceeding. Respondents contend, however, that the new section brings into play that portion of CPLR 7801 which provides: "Except where otherwise provided by law, a proceeding under this article shall not be used to challenge a determination: 1. which * * * can be adequately reviewed by appeal to a court or to some other body or officer". Respondents argue that the Board of Estimate is such "other body or officer".

The scope of review by the Board of Estimate, as provided in subdivision c of section 668 of the New York City Charter, is (as respondents concede) "quite narrow" since, even *if* it chooses to accept jurisdiction, its power of review is limited to whether there is substantial evidence to support the decision of the Board of Standards and Appeals. However, that is only one of the several "questions that may be raised in a proceed-

ing under [article 78]" (CPLR 7803). Therefore, the review by the Board of Estimate is less than comprehensive and, consequently, a decision of the Board of Standards and Appeals is one that cannot be *"adequately* reviewed by appeal to" it (CPLR 7801; emphasis supplied). Furthermore, if a body to which an appeal may be taken is empowered to decline "jurisdiction", it would seem clear that the mere right to undertake such an appeal is not an adequate remedy.*

■ The fact that the Board of Estimate is not required to accept jurisdiction of an appeal is an additional indication that the drafters of the new charter provision did not intend to preclude a direct review of a determination made by the Board of Standards and Appeals via an article 78 proceeding. So great a change requires something more than a provision that "an appeal may be taken to the board of estimate", especially where the charter adds that *"[a]ny decision of the board of standards and appeals* or of the board of estimate pursuant to this section *may be reviewed as provided by law"* (New York City Charter, § 668, subds c, d; emphasis supplied). The review provided by "law" for a decision by the Board of Estimate is necessarily a CPLR article 78 proceeding. Accordingly, we may not assume that the drafters of the new section changed signals in the midst of the sentence so that the review provided by "law" should have a different connotation as to a decision made by the Board of Standards and Appeals.

■ In short, section 668 of the New York City Charter provides two methods for review of a determination of the Board of Standards and Appeals—either by the Board of Estimate (and then, if desired, by an article 78 proceeding) or directly in the courts by an article 78 proceeding.

The judgment should be reversed, without costs or disbursements, the cross motion denied, the petition reinstated and the respondents directed to answer the petition in accordance with the provisions of the CPLR.

HOPKINS, J. P., MARTUSCELLO and O'CONNOR, JJ., concur.

Judgment of the Supreme Court, Queens County, dated October 25, 1977, reversed, on the law, without costs or disbursements, cross motion denied, and petition reinstated. Respondents' time to answer is extended until 20 days after

---

* The respondents candidly concede that "in many cases, indeed perhaps most, the Board of Estimate may decline to accept jurisdiction over such appeals".

service upon them of a copy of the order to be entered hereon, together with notice of entry thereof.