■ JOHN G. MADDEN, Appellant, v NATALIE M. MADDEN, Respondent. — In an action for divorce, plaintiff appeals from an order of the Supreme Court, Westchester County, entered January 8, 1980, which granted defendant's application for a change of venue from Bronx County to Westchester County. Order reversed, on the law, without costs or disbursements, and motion denied. Special Term erred in holding that CPLR 507 and *Turner v Turner* (84 Misc 2d 229) supported a change of venue. The court in Bronx County may clearly determine any question as to title or possession of real property arising incident to the matrimonial action, notwithstanding that such property is located in Westchester County. (See Domestic Relations Law, § 234; Siegel, 1964 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 234, 1979-1980 Pocket Part, p 8.) Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.

■ NICHOLAS MARLOW, Respondent, v HAROLD KOBLINER, Appellant. — In a proceeding pursuant to CPLR article 78 to compel the examiner in charge of physical and medical examinations of the Board of Examiners of the New York City Board of Education to turn over to petitioner's named physician copies of all medical records "used to deny petitioner" a teacher's license, the appeal, as limited by appellant's brief, is from so much of an order and judgment (one paper) of the Supreme Court, Kings County, dated May 4, 1979, as granted the petition and denied appellant's cross motion to dismiss. Order and judgment modified, on the law, by deleting therefrom the provision that the materials be served "upon petitioner" and substituting therefor a provision that the materials demanded shall be served upon the physician named in petitioner's application. As so modified, order and judgment affirmed insofar as appealed from, without costs or disbursements. As appellant himself notes, he granted permission to petitioner's physician to examine the subject records. That permission, however, also imposed the burden upon the physician of examining the records only at appellant's offices. That was unreasonable. Since appellant, by his permission, implicitly concedes that petitioner's *physician* is entitled to examine the records, which is the only relief demanded, there is no reason to deny the application. We have modified the order and judgment to accord with the demand in the petition. Furthermore, the concession makes clear, as do all the papers before the court, that no issue of fact exists and that an answer could add nothing. Indeed, at oral argument, appellant's counsel indicated that, rather than raising any factual claim, he would assert in his answer the same ground for denying the petition as he had urged for dismissal, to wit, the inapplicability of the statute under which petitioner has proceeded (Public Health Law, § 17). In these circumstances, an answer pursuant to CPLR 7804 (subd [f]) is not required (see *Matter of Vermont Marble Co. v Office of Gen. Servs.,* 42 AD2d 468; accord *Matter of De Vito v Nyquist,* 56 AD2d 159, affd 43 NY2d 681; Siegel, New York Practice, § 567, p 796). Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.

■ FRANCESA PARILLA et al., Respondents, v ALBERT W. COOK, Appellant, et al., Defendant. — In a medical malpractice action, defendant Cook appeals from an order of the Supreme Court, Kings County, dated January 11, 1980, which denied his motion for summary judgment. Order affirmed, with $50 costs and disbursements. There are triable issues of fact presented. Damiani, J. P., Mangano, Margett and Weinstein, JJ., concur.