■ In the Matter of JAMES McBRIDE et al., Appellants, v KARIN E. PEREZ, as Deputy Commissioner of the Division of Adult Residential Care of the Department of Social Services, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia*, to compel respondents to send a revised letter containing certain specified information to operators and residents of residential care facilities, petitioners appeal from a judgment of the Supreme Court, Suffolk County, dated April 10, 1980 which (1) dismissed the petition and (2) denied their motions for a preliminary injunction and for class certificaion. (We deem the notice of appeal to be a premature notice of appeal from the judgment dated April 10, 1980 which superseded an earlier judgment of the same court.) Judgment modified, on the law, by (1) reinstating that part of the petition which sought a determination that the letters dated December 21, 1979, sent by respondent Perez to residents and operators of residential care facilities "were an abuse of discretion, and were arbitrary and carpricious", (2) converting the afore-mentioned portion of the petition into an action for a declaratory judgment, and (3) declaring that the letters dated December 21, 1979 sent by respondent Perez to residents and operators of residential care facilities were an abuse of discretion and were arbitrary and capricious. As so modified, judgment affirmed, without costs or disbursements. At the outset we note that this case presents issues of law only and there exists no further issues which might be raised by answer concerning the merits of petitioners' (now plaintiffs') petition (now complaint), which have not been raised on this appeal. Therefore, this court will proceed on the merits to determine the issues raised on this appeal (cf. *Marlow v Kobliner*, 78 AD2d 874; *Matter of Vermont Marble Co. v Office of Gen. Servs.*, 42 AD2d 468; *Matter of De Vito v Nyquist*, 56 AD2d 159, affd 43 NY2d 681; Siegel, New York Practice, § 567, p 796). On the record before us, we conclude that the complaint states a cause of action for declaratory

relief. Plaintiffs should have been informed by the Department of Social Services that they were entitled to retain 100% of the special energy allowance (SEA) (Pub L No. 96-126, 93 US Stat 978), that they were entitled to free legal services (cf. *Matter of Capek v Blum,* 76 AD2d 924) and that retaliation by resident facility operators for retention of SEA funds by the plaintiffs would be in violation of the law (see Social Services Law, § 461-d, subd 3, par [c]). The claim for punitive damages was properly dismissed. In light of the statement of the Commissioner of Social Security in his letter dated February 4, 1980, that defendants' "suggestion" that plaintiffs turn over a portion of their funds to their facility operators was "consistent with the intent of the [SEA] program", we decline to find the degree of willful or malicious conduct necessary to support a claim for punitive damages. Furthermore, we note that class certification and a preliminary injunction have already been granted in a parallel case now pending in the Supreme Court, New York County *(Spang v Blum,* NYLJ, June 13, 1980, p 5, col 1). As plaintiffs and others similarly situated already have a class to join in which their interests will be protected, judicial efficiency dictates that the motions herein for a preliminary injunction and class certification be denied (see CPLR 6301, 901, subd a, par 5). Titone, J. P., Mangano, Gibbons and Weinstein, JJ., concur.