■ In the Matter of REPUBLIC STEEL CORP., Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review that portion of a determination of the Industrial Board of Appeals which affirmed a notice of violation and order to comply of the Industrial Commissioner directing petitioner to take certain corrective action with regard to mine openings on petitioner's property. Petitioner Republic Steel Corporation (Republic) was the owner of certain tracts of land in Essex County that contain several abandoned mines. These tracts were conveyed to respondent International Paper Company (International) by deed with a reservation to Republic of "all minerals of every kind" and the right to enter upon the land for finding and extracting minerals. Following an inspection of the area, some 25 to 30 openings to these mines were observed, and a notice of violation and order to comply was issued to International, which advised the Department of

Labor that Republic owned the mineral rights to the property. Thereafter, a similar notice was sent to Republic. Both notices of violation indicated that the provision violated was subdivision (c) of section 31.12 of the Industrial Code (12 NYCRR 31.12 [c]). Pursuant to section 101 of the Labor Law, Republic petitioned respondent Industrial Board of Appeals (IBA), seeking to have the notice of violation and order to comply declared invalid and unreasonable. International was granted leave to intervene. After a hearing, respondent IBA affirmed the notice of violation and order to comply and concluded that both were applicable to and enforceable against Republic and International. This CPLR article 78 proceeding was brought to review respondent's determination. Initially, we reject Republic's contention that the notice of violation is insufficient since it did not specify what action is to be taken by Republic. The notice specifically referred to subdivision (c) of section 31.12, which has been renumbered 12 NYCRR 31.13 (c) and requires fencing or closure of all abandoned excavations. Furthermore, the record indicates Republic had actual knowledge of the condition. We also reject Republic's contention that the duties imposed by the Labor Law cannot properly be imposed upon a party who merely holds mineral rights to property containing abandoned mines. The Labor Law places the duty for compliance with its provisions upon "the owner", although no definition of that term is contained therein. Republic, however, from a reading of the deed in question, clearly reserved and retained ownership of a broad interest in the land containing the abandoned mines. Consequently, on this issue respondent's decision is not irrational. The principal issue to be determined is whether the respondent commissioner had jurisdiction based on the instant facts. There is no material dispute about the facts. In addition to those already mentioned, it is undisputed that all the mines had been abandoned for over 45 years and that Republic has no employees on the property or any present intention to initiate any mining operations in the area in question. The record reveals, however, that International has had a few employees for logging near one of the mines, but not in the vicinity of the opening at issue. In our view, these mine openings are not presently places of employment. The history of the Labor Law and court decisions demonstrate that the sole purpose of the law is the protection of the working person (*Whelen v Warwick Val. Civic & Social Club,* 63 AD2d 646, 647, affd 47 NY2d 970; *Yearke v Zarcone,* 57 AD2d 457, mot for lv to app den 43 NY2d 643). While the rule in question pertains to abandoned mines, it appears to have been here invoked to protect campers in the area, rather than employees of International. In our view, it was not the intent or purpose of the Labor Law to protect such individuals. As a general rule, administrative agencies are precluded from creating a rule out of harmony with a statute (*Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471). Similarly, an administrative agency may not interpret an otherwise valid regulation so as to be at variance with the meaning of the statute delegating authority to the agency. Although there are times when the Labor Law extends protection to the general public, it does so by the enactment of a specific statute where the ongoing employment and the employment activities would naturally tend to place both employees and the general public in some danger (see, e.g., Labor Law, §§ 200-202-d). Such is not the situation in the present case. Considering the record in its entirety, it is our opinion that the respondent commissioner acted outside the general purpose for which the Labor Law was passed and, consequently, lacked jurisdiction. There must be a reversal and the notice of violation and order to comply vacated. Determination annulled, and the

notice of violation and order to comply issued to petitioner vacated, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.