OPINION OF THE COURT
D. Vincent Cerrito, J.
Petitioner has instituted this article 78 proceeding in order to obtain an order directing the respondents to consider the merits of his application to participate in the temporary release program.
Petitioner is serving an indeterminate sentence of 7 to 21 years on his plea of guilty to manslaughter, first degree. In April of 1978, while confined at Arthur Kill Correctional Facility, he applied for a furlough pursuant to the provisions of article 26 of the Correction Law. His application was denied, however, he was told he could reapply in eight months if he maintained a good disciplinary record and engaged in psychotherapy.
In May, 1979, when he again became eligible, he resubmitted his application. This time it was denied for the following reasons: “Due to the nature of your instant offense, in which you stabbed a girl 39 times, the TRC* feels you are unsuitable for any temporary release and you need not reapply.”
*227 Petitioner did not appeal from this decision. Instead, after his transfer in November, 1980 to the Wallkill Correctional Facility, he again applied. His application was returned to him with the statement “we are returning your work release application dated 12/1/80, since you were advised by the TRC at Arthur Kill C.F. not to reapply for any temporary release program in their notice dated 5/22/79.”
Petitioner’s appeal of this decision was disapproved by the central office. The basis of its decision is that Ortiz is bound by the decision of the Arthur Kill TRC because of his failure to appeal from it.
The essence of petitioner’s position is that, since he is an “eligible inmate” under the provisions of subdivision 2 of section 851 of the Correction Law, the Wallkill TRC cannot summarily reject his application on the basis of the Arthur Kill TRC’s decision, but must consider it on its merits.
Respondents contend their action was proper as the Wallkill TRC is not required by statute or applicable regulation to consider any new application from Ortiz since he has been found to be unsuitable for any temporary release program.
Even though the TRC is an administrative body with complete discretion under article 26 of the Correction Law to grant or deny temporary release, it must act reasonably and in good faith (see Matter of Franchina v Codd, 57 AD2d 394).
The purpose of the temporary release program is to reduce recidivism by helping inmates to return to a normal and productive life (see Governor’s Approval Memorandum, NY Legis Ann, 1969, p 552). If this goal is to be achieved, prisons must be more than warehouses. Instead, they must afford inmates the opportunity to participate in programs and procedures leading to rehabilitation.
I believe that in evaluating this case, the Wallkill TRC did not give due consideration to the purpose of the temporary release program. By blindly adhering to the Arthur Kill decision, it did not take into account any progress toward rehabilitation Ortiz might have made in the 19 months since his last application. Since it is in society’s *228 and Ortiz’ best interest that he be rehabilitated, the TRC’s summary rejection of his application for temporary release under the circumstances presented here was unreasonable.
Accordingly, I will grant the petition and remand this case to the Wallkill TRC for its consideration of the merits of petitioner’s application for temporary release.

Temporary Release Committee.