■ In the Matter of LILTON JONES, Respondent, v JOSEPH KENNEDY, as Superintendent of Mt. McGregor Correctional Facility, et al., Appellants.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Shea, J.), entered December 27, 1984 in Saratoga County, which partially granted petitioner's application, in a proceeding pursuant to

CPLR article 78, to annul respondents' determination denying petitioner's request to participate in a temporary release program.

Petitioner, an inmate at Mt. McGregor Correctional Facility, applied to the temporary release committee for a furlough to attend to financial, medical and family matters (*see,* Correction Law art 26). Although recognizing that petitioner maintained a good institutional record, the committee denied the application because of his extensive criminal record and lengthy history of drug and alcohol abuse. The committee further provided that petitioner refrain from reapplying for temporary release for a period of one year. After his administrative appeal was similarly denied, this CPLR article 78 proceeding to annul the determination was commenced. Respondents moved to dismiss as a matter of law on the ground that the petition failed to state a cause of action, inasmuch as petitioner's criminal and substance abuse history provided a rational basis for the determination (CPLR 7804 [f]). While Special Term upheld the denial of the application, the court granted the petition to the extent of striking the one-year prohibition against the reapplication as inimical to the rehabilitative purpose of the release program.

On this appeal, respondents contend that Special Term erred in granting petitioner affirmative relief on the merits without according them an opportunity to answer as required by CPLR 7804 (f). That statute clearly mandates that an unsuccessful movant be provided an opportunity to interpose an answer unless the court can determine from the record before it that "there only remain questions of law, the resolution of which are dispositive" (*Matter of Bayswater Health Related Facility v New York State Dept. of Health,* 57 AD2d 996, 997; *see, Matter of DeVito v Nyquist,* 56 AD2d 159, 161, *affd* 43 NY2d 681; *Matter of Bier v Sarafan,* 54 AD2d 1054; *cf. Matter of Tobin v Ford,* 49 AD2d 83, 85). Here, Special Term concluded that respondents abused their discretion as a matter of law by imposing a one-year prohibition on petitioner's participation in the temporary release program (*see,* 4 NY Jur 2d, Appellate Review, § 369, at 472). Even were we to conclude that respondents should have been allowed to interpose an answer, a review of their brief confirms that the same factors considered in denying petitioner's application, i.e., petitioner's criminal record and drug abuse history, were utilized to substantiate the one-year prohibition. Hence, no purpose would be served by remitting the matter to Special Term for

service of an answer by respondents (*see, Matter of DeVito v Nyquist, supra,* p 161).

The issue thus distills to whether respondents abused their authority as a matter of law in so restricting petitioner's participation in the release program. We think not. Participation in a temporary release program is a privilege, not a right (Correction Law § 855 [9]; *see, Matter of Schwimmer v Dunham,* 91 AD2d 100). Our scope of review is limited to whether respondent's determination violated any positive statutory requirements, denied a constitutional right of an inmate or was otherwise irrational (*Matter of Hoffman v Wilson,* 86 AD2d 735; *see, Matter of Medley v Hirsch,* 88 AD2d 1099). Given petitioner's extensive criminal record spanning two decades and his acknowledged substance abuse history, we cannot say that respondents abused their discretion by imposing the one-year waiting period (*see, Matter of Medley v Hirsch, supra; Matter of Hoffman v Wilson, supra*).

In reviewing an application for temporary release, respondents are charged not only with the welfare of the applicant, but also the safety of the community (Correction Law § 855 [4]). That a waiting period is necessary to insure the interests of both petitioner and the community is a determination within the broad discretion of the temporary release committee (Correction Law § 855 [4]). Nor is this an instance where an inmate has been completely precluded from participation (*cf. Matter of Ortiz v Wilson,* 113 Misc 2d 226), since petitioner may reapply within a specific time. Accordingly, Special Term erred in striking that part of respondents' determination prohibiting reapplication for one year.

Judgment modified, on the law, without costs, by reversing so much thereof as partially granted the petition, and, as so modified, affirmed. Kane, Casey and Weiss, JJ., concur; Mahoney, P. J., and Levine, J., concur in part and dissent in part in the following memorandum by Levine, J.

Levine, J. (concurring in part and dissenting in part). We are in accord with the majority's holding that, under the circumstances presented here, Special Term could properly consider the merits of petitioner's application on the motion to dismiss without awaiting joinder of issue. However, we disagree with the majority insofar as it upholds respondents' determination barring petitioner from reapplying for temporary release for a period of one year.

It is true, as the majority notes, that *participation* in the temporary release program is statutorily denominated a privi-

lege and not a right (Correction Law § 855 [9]). However, no such qualification is placed upon an inmate's prerogative to *apply* for participation. Here, the statute clearly states that "[a]ny eligible inmate may make application to the temporary release committee for participation" (Correction Law § 855 [2]). The statute further directs the temporary release committee to consider each such application on its merits, i.e., whether the inmate's participation in the program "is consistent with the safety of the community and the welfare of the applicant" (Correction Law § 855 [4]). Nowhere in the statute is the Commissioner of Correctional Services or a temporary release committee authorized to set additional disabling restrictions upon an eligible inmate's right to apply for the program.

It is uncontested that petitioner is eligible under the statutory definition (Correction Law § 851 [2]). Perhaps the Commissioner by regulation could impose some reasonable limits on the frequency of reapplication for the program by unsuccessful applicants, for purposes of administrative convenience and to insure orderly procedures for administering the program. The Commissioner has not promulgated such administrative regulations, despite the apparent statutory direction to do so (Correction Law § 852 [1]). In any event, however, prohibiting petitioner from reapplying for the program for a year goes well beyond any restrictions on reapplication which respondents might reasonably have imposed in order to regularize the application process. In effect, respondents by administrative fiat have rendered petitioner ineligible to participate in the program for a year, although he meets all the statutory requirements for eligibility. An administrative agency may not by regulation or individual determination create disabilities or enlarge its powers beyond its express or reasonably implied authority under the statute it is delegated to enforce (*Matter of Jones v Berman,* 37 NY2d 42, 53; *Matter of Republic Steel Corp. v New York State Dept. of Labor,* 75 AD2d 658, 659).

Therefore, we would affirm Special Term's annulment of so much of the determination as prohibited petitioner from reapplying for the temporary release program for one year.