■ In the Matter of BINGHAMTON URBAN RENEWAL AGENCY, Respondent, v JOHN MANCULICH, Appellant, et al., Respondents. (And Two Other Related Proceedings.)—Main, J. P. Appeals from three orders of the Supreme Court at Special Term (Smyk, J.), entered March 11, 1986 in Broome County, which, in proceedings pursuant to EDPL article 4, *inter alia,* denied motions by various respondents to dismiss the petitions, for a more definite statement and for leave to interpose answers to the petitions, and condemned respondents' property.

Petitioner is a public corporation and governmental agency located in the City of Binghamton, Broome County. On March 14, 1980, petitioner adopted by resolution an urban renewal plan denominated as the "Clinton Street Redevelopment Project". The plan was thereafter adopted by an ordinance of the Binghamton City Council on April 21, 1980 and was approved by the city's Mayor on April 30, 1980.

By resolution adopted August 6, 1980, petitioner amended the plan for the first time. This amendment, *inter alia,* called for phasing the redevelopment project into a number of stages because petitioner was financially unable to acquire all of the parcels encompassed by the plan at one time. A second amendment to the plan was adopted by petitioner on September 3, 1980. That amendment deleted one parcel from the plan and substituted another in its place. Both amendments were approved by the City Council on December 1, 1980 and by the Mayor on December 8, 1980. The plan was amended for the third and final time by resolution of petitioner on April 6, 1983. This amendment set forth specific plans for the parcels covered by the project, including the proposed use, maximum building height and coverage for such parcels. In addition, the amendment listed the properties to be acquired and their corresponding tax map designations. This amendment was approved by the City Council on June 6, 1983 and by the Mayor on June 10, 1983.

Apparently because it was unsuccessful in negotiating purchase prices for respondents' properties, all of which are located in the urban renewal area covered by the plan, petitioner commenced the instant condemnation proceedings in November and December 1985. Because of uncertainty over the effect of certain documents issued by the United States Department of Housing and Urban Development and included by petitioner as exhibits in support of its petitions, respondents thereafter caused the proceedings to be transferred to Federal court. In February 1986, however, on a motion by petitioner, the proceedings were remanded to State Supreme Court.

Once remanded, respondents John Manculich and Amelia M. Stone (hereinafter respondents) moved to dismiss the proceedings on the ground that they were barred by the Statute of Limitations (CPLR 3211 [a] [5]) or, in the alternative, for a more definite statement (CPLR 3024 [a]). Special Term denied respondents' motions and, after concluding that no purpose would be served by permitting respondents to answer the petitions, denied respondents leave to serve answers. Special

Term therefore granted the petitions, thereby vesting title to the subject properties in petitioner. Respondents have appealed.

We note preliminarily that, in response to respondents' appellate arguments, petitioner asserts that this court should not even consider respondents' contentions since respondents are in default in these proceedings due to their failure to answer the petitions in a timely manner. Petitioner, however, failed to raise this issue before Special Term. Accordingly, we decline to consider it now on appeal (see, Kramer & Sons v Facilities Dev. Corp., 113 AD2d 97, 100).

Turning to the merits of the appeal, we first address whether Special Term abused its discretion in denying respondents' motion for a more definite statement pursuant to CPLR 3024 (a). It cannot be said that the petitions are "so vague or ambiguous" that respondents could not reasonably be required to frame responses thereto (CPLR 3024 [a]). Accordingly, Special Term committed no error in denying respondents' motion for a more definite statement.

We focus next on the issue of whether these proceedings are barred by the Statute of Limitations. Under EDPL 401 (A) (2), a condemnor may commence proceedings to take possession of property up to three years after the conclusion of the "completion of the procedure that constitutes the basis of exemption under [EDPL 206]". Under EDPL 206 (A), a condemnor is exempt from compliance with each and every provision of EDPL article 2 if, "pursuant to * * * local law * * * it considers and submits factors similar to those enumerated in [EDPL 204 (B)]" to the proper governmental authority and obtains therefrom the necessary approval. Our review of the record in this case indicates that all of the aforementioned plans, submissions and other activity engaged in by petitioner "demonstrate substantial compliance with the exemption provisions of EDPL 206" (Matter of Aswad v City School Dist., 74 AD2d 972, 974). Accordingly, these proceedings were timely commenced so long as they were initiated, as aforementioned, within three years of the completion of the procedure constituting the basis for petitioner's exemption under EDPL 206 (A). The date from which this three-year period began to run was June 10, 1983, on which date the city's Mayor approved the third and final amendment to the plan. Since these proceedings were commenced in November and December 1985, they were not time barred, as Special Term correctly determined. Given this conclusion, it is unnecessary to exam-

ine whether the proceedings were also timely under EDPL 401 (C).

With regard to Special Term's denial of leave to answer the petitions, we must agree that, under the peculiar facts and circumstances of this case, "no purpose would be served by remitting the matter to Special Term for service of an answer by respondents" *(Matter of Jones v Kennedy,* 112 AD2d 627, 628-629) since it is clear that no issue exists which might be raised in an answer that has not already been raised and rejected *(see, Matter of DeVito v Nyquist,* 56 AD2d 159, 161, *affd* 43 NY2d 681).

Finally, we have examined respondents' remaining contentions and find them to be unpersuasive. Among such contentions is an argument centering on EDPL 205. However, as aforementioned, petitioner has satisfactorily shown that it is exempt from each and every provision contained in EDPL article 2.

Orders affirmed, without costs. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.