■ In the Matter of MICHAEL KANE, Respondent, v. NEW YORK STATE DEPARTMENT OF CORRECTION et al., Appellants.— HAMM, J. The respondent's petition at Special Term alleged that the respondent after trial was convicted of a felony, that before sentence was imposed he was committed to Matteawan State Hospital, that he was thereafter released pursuant to a writ of habeas corpus, returned to the court in which his conviction took place and sentenced "to serve, seven (7) years". He seeks a judgment requiring the appellants to compute his sentence with allowance for alleged reduction of sentence earned by him pursuant to section 230 of the Correction Law and creditable to him pursuant to subdivision 1 of section 2193 of the Penal Law, asserting that on a proper computation his sentence has expired. The appellants objected in point of law: "The petitioner herein has not legal capacity to sue in that his civil rights have been suspended pursuant to Section 510 of the Penal Law" and moved for dismissal of the petition " upon the above grounds ". No issue was raised as to the sufficiency of the petition, the only objection interposed was the objection quoted. Special Term dismissed the objection in point of law but then proceeded to the merits and ordered " that the respondent herein recompute the maximum expiration date of the term of the petitioner by taking into consideration the time spent by the petitioner in the Matteawan State Hospital and compute any discretionary reduction of the maximum term provided for under the provisions of Article 9 of the Correction Law based upon the time the petitioner spent in Matteawan State Hospital as well as in the State correctional institution." The respondent's petition was sworn to September 13, 1963, and the order to show cause by which the proceeding was brought on was subscribed September

17, 1963. CPLR 7804 (subd. [f]) provides: "The respondent may raise an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition, made upon notice within the time allowed for answer. If the motion is denied, the court shall permit the respondent to answer, upon such terms as may be just". Even under the former procedure under article 78 of the Civil Practice Act it was well settled that leave to serve an answer should be refused only if it clearly appeared that no issue existed which might be raised by answer concerning the merits of the petitioner's application (*Matter of Davlee Constr. Corp.* v. *Town of Huntington*, 16 A D 2d 974). Judgment modified by deletion of all that appears after "ORDERED, ADJUDGED AND DECREED, that the objections in point of law submitted herein on behalf of the respondents [the appellants here] be, and the same hereby are, disallowed" and by the addition of "and the respondents may file and serve an answer within five days after entry of the order hereon" and, as so modified, affirmed, without costs. The Attorney-General will submit order to the Clerk without delay. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.