OPINION OF THE COURT
Gerald Adler, J.
Like a latter-day Don Quixote tilting at windmills, petitioner, pro se, has devoted the better part of a year in a war of letters with various employees of the New York State Department of Labor, seeking the production of information and records, pursuant to the Freedom of Information Law.
In this CPLR article 78 proceeding, petitioner seeks a judgment directing respondent to search for certain records and to provide access to them at the location requested by petitioner. Respondent has not interposed an answer; instead, respondent has moved to dismiss the petition, pursuant to CPLR 7804 (f), upon the ground that it fails to state a claim upon which relief may be granted. Respondent argues that the daily work reports and follow-up demand notices requested by petitioner are exempt from disclosure. Respondent adds that a diligent search was made for the "clerk’s closed assignment book” sought by petitioner, but that the search was unsuccessful. Respondent contends that the decision to authorize inspection of the records in Brooklyn, rather than Queens, constituted a reasonable exercise of discretion.
Section 537 of the Labor Law prohibits disclosure of information acquired from employers and employees in the course of the administration of the Unemployment Insurance Law, notwithstanding the provisions of the Freedom of Information Law. Petitioner seeks access to the daily work reports of tax auditors and tax compliance agents within the Unemployment Insurance Division of the Department of Labor. Such forms are known as form IA 744.21 and form IA 744.22. The daily reports contain the names and addresses of employers, the *616 employers’ registration numbers, the type of audit or investigation conducted, and the amount of any collections. Each "follow-up of demand for contribution report” (form IA 186.2) contains the name and address of a particular employer, the name and address of the predecessor employer (if any), the employer’s registration number and tax rate, and the amount of any underpayment due.
To petitioner’s credit, he has furnished sample copies of the forms sought and explained their use. It appears that information to be provided on the forms is either generated by Labor Department employees or available elsewhere on records which respondent does not claim are exempt from disclosure. Therefore, forms IA 186.2, IA 744.21, and IA 744.22 shall be made available to petitioner.
Whatever the title of such records and whether or not they are bound in one volume, respondent’s District 8 office in Queens maintains a compilation of all closed assignments. Unfortunately, neither party has sufficiently described such records so as to indicate the source of the information therein. Accordingly, it cannot be determined whether or not such records are exempt from disclosure. Respondent suggests (and this court concurs) that petitioner submit a new request for the assignment record, such request to include additional information that may assist in the identification of the information sought. In the event that petitioner renews such request, respondent should consider its response in light of the decision herein.
With respect to the requests to inspect the Field Tax manual, the General Administrative manual, the Tax Compliance manual, and an IA 70.2 questionnaire, as well as the documents made accessible pursuant to this decision, such records shall be made available to petitioner at the District 8 office no more than 30 days after service of a copy of this order upon respondent. Pursuant to 12 NYCRR 700.5: "Records shall be made available for public inspection and copying at the office of the Department of Labor where the records are regularly maintained, or at another location more convenient to the requester if, in the discretion of the records access officer, the removal of the records from the location where they are regularly maintained will not jeopardize the preservation and safekeeping of the records.” Petitioner has sufficiently demonstrated that the District 8 office is more convenient to him. Respondent, on the other hand, has presented no evidence that the records will be jeopardized in any respect if they are *617 transported to the District 8 office. Since the District 8 office is operated under the auspices of respondent, the refusal to honor petitioner’s preference is unreasonable.
Petitioner claims his interest in the requested records is civic, rather than commercial. If that be the case, it is suggested that, if future requests are submitted by petitioner, then in the interest of economy they should be made the subject of one combined demand, as opposed to a multitude of correspondence. Further, though no selfish motives have been demonstrated on petitioner’s part and none are suspected by this court, he is cautioned to be circumspect in his use of the information obtained and its dissemination.
 For the foregoing reasons, the motion by respondent to dismiss the proceeding is denied. Ordinarily, after denial of the motion to dismiss, respondent would be permitted to interpose an answer and, subsequently, the court would summarily determine the proceeding or hold a trial of the disputed issue pursuant to CPLR 7804 (h) (see, Matter of Caruso v Incorporated Vil. of Sloatsburg, 28 AD2d 679). However, where, as here, there is clearly no issue raisable by answer, leave to serve an answer should not be granted (see, Matter of Kane v New York State Dept. of Correction, 21 AD2d 919). To the extent indicated above, judgment is granted in favor of petitioner.