■ In the Matter of ANGEL DAVILA, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants.—Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 20, 1991, which, *inter alia,* reinstated petitioner as a New York City Housing Authority (NYCHA) police officer for the sole purpose of providing him with a hearing on disciplinary charges, unanimously affirmed, without costs.

Although a civil service employee who resigns generally has no right to reinstatement *(see, Matter of McGill v D'Ambrose,* 58 AD2d 604), the trial court properly reinstated petitioner so that he could defend against the disciplinary charges at a hearing. The record leaves a "disquieting feeling that an

injustice may have occurred, particularly since petitioner has been summarily denied the opportunity to prove his contention at a trial" *(Matter of Miciotta v McMickens,* 118 AD2d 489, 491). Petitioner who has a successful record as a NYCHA officer, denies any drug use and his story of inadvertently ingesting drugs is corroborated by a witness *(see, supra).*

As for respondents' contention that the trial court improperly ruled on the merits of the petition without allowing respondents to serve an answer, respondents clearly informed the trial court of their relevant arguments in an affirmation in support of their cross-motion to dismiss the petition. Thus, it was not necessary under CPLR 7804 (f) to grant respondents leave to serve an answer to the petition following denial of the motion to dismiss *(see, Matter of Kane v New York State Dept. of Correction,* 21 AD2d 919, 920, *lv dismissed* 15 NY2d 551; *Matter of DeVito v Nyquist,* 56 AD2d 159, 161, *affd* 43 NY2d 681).* Concur—Murphy, P. J., Wallach, Ross and Asch, JJ.