■ In the Matter of ROBERT HAWKINS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Respondents. [808 NYS2d 673]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered December 14, 2004, which denied respondents' motion to dismiss this proceeding and granted the petition to the extent of directing respondent Transit Authority to give petitioner back pay and benefits from October 30, 2002, unanimously affirmed, without costs.

The Civil Service Commission found that the termination of employment amounted to discrimination based on petitioner's criminal record, in violation of Correction Law § 752, and ordered his reinstatement. Pursuit of administrative remedies did not preclude petitioner from seeking back pay in this proceeding on the ground of unlawfully discriminatory discharge. Petitioner was required to exhaust his administrative remedies, but the initiation of administrative proceedings and an appeal to the Civil Service Commission did not amount to an election of remedies barring a subsequent proceeding alleging a violation of the Human Rights Law (Executive Law § 297 [9]; *see Matter of Jainchill v New York State Human Rights Appeal Bd.*, 83 AD2d 665 [1981]).

The proceeding is not time-barred. Petitioner was not required to commence a CPLR article 78 proceeding within four months of his termination date, since that determination was not final until he exhausted his administrative remedies (*see Matter of Martin v Ronan*, 44 NY2d 374 [1978]). Following petitioner's successful administrative appeal and his reinstatement, he made several requests for back pay for the period of his termination, which went unanswered. The statute of limitations did not begin to run until respondents notified petitioner of their determination denying his request (*see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270 [2000]; *Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832 [1983]).

It was not necessary for the court to grant respondents leave to serve an answer under CPLR 7804 (f) before ruling on the merits, since they had already clearly stated their relevant arguments, leaving no material facts in dispute (*Matter of Davila v New York City Hous. Auth.*, 190 AD2d 511 [1993], *lv denied* 87 NY2d 801 [1995]). Concur—Tom, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.