■ SHOWOLE COKER, Respondent, v CITY OF NEW YORK DEPARTMENT OF PROBATION et al., Appellants. [857 NYS2d 543]—

Judgment, Supreme Court, New York County (Paul G. Feinman, J.), entered September 6, 2006, inter alia, granting the petition and declaring that respondent Department of Probation (DOP) acted arbitrarily and capriciously when it terminated petitioner's employment, and directing that petitioner be reinstated with back pay, unanimously affirmed, without costs.

As an initial matter, the court's conversion of respondents' motion to dismiss into a motion for summary judgment was proper. In response to the court's invitation to submit affidavits or any other material it chose, respondents neither sought to offer evidence nor objected to the conversion, but simply stated their position, without disputing any factual issues (*see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 101-102 [1984]; *Matter of Hawkins v New York City Tr. Auth.*, 26 AD3d 169 [2006]; *Matter of Davila v New York City Hous. Auth.*, 190 AD2d 511 [1993], *lv denied* 87 NY2d 801 [1995]).

On the merits, the court properly found that DOP's termination of petitioner was arbitrary and capricious. Petitioner had been directed to complete a Partner Abuse Counseling (PAC) program as a requirement of his conditional discharge by the criminal court following a domestic violence incident. He also had been placed on disciplinary probation pursuant to a stipulation with DOP. The stipulation required petitioner to "strictly adhere" to the PAC program's counseling plan and to forward to DOP each month a "writing" from the PAC program indicating that he had "attended" all counseling sessions and similar events for the preceding month. Any writing indicating that petitioner had failed to "report" for all such events would be deemed insufficient, and any violation by petitioner of the requirements of the stipulation would cause DOP to terminate him. The stipulation also provided that "[a]ny action taken by [DOP] . . . shall not be arbitrary or capricious."

By correspondence dated September 1, 2005, the PAC program informed DOP that petitioner was compliant with the program and participated well in group discussions, but that he had not been permitted to attend one such session because he had arrived too late, saying he had had difficulty getting a money order to pay for the session. Petitioner made up this session and ultimately completed the PAC program. Nevertheless, DOP terminated his employment "[p]ursuant to the terms of the Stipulation."

Any ambiguity in the stipulation will be resolved against DOP, its drafter (*see generally Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259, 267 [1995]). It is uncontested that petitioner appeared for the missed session, i.e., he "attended" and did "report" for it. While he appeared without a money order and by the time he returned with one was too late to be permitted to participate, it is also uncontested that petitioner made up the missed session. Moreover, as required by the stipulation, petitioner did "strictly adhere" to PAC's counseling plan, as ev-

idenced by the fact that he completed the program. Thus, the court correctly found that petitioner did not violate the requirements of the stipulation. Concur—Lippman, P.J., Saxe, Buckley and Acosta, JJ.