Matter of B.L. v Lawsky (2019 NY Slip Op 02445)





Matter of B.L. v Lawsky


2019 NY Slip Op 02445


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


8568 100712/16

[*1]In re B.L., etc., Petitioner-Respondent,
v
Benjamin M. Lawsky, in His Official Capacity as Superintendent of New York State Department of Financial Services and as Administrator of the New York State Midical Indemnity Fund, Respondent-Appellant, Emily Prober, etc., Respondent.


Barbara D. Underwood, Attorney General, New York (Anisha S. Dasgupta of counsel), for appellant.
Kelner & Kelner, New York (Gerard K. Ryan, Jr. of counsel), for respondent.



Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 4, 2017, granting B.L.'s petition brought pursuant to CPLR article 78 to annul a determination of the New York State Department of Financial Services (DFS), dated January 11, 2016, which denied his application for enrollment in the New York State Medical Indemnity Fund (Fund), denied respondent's cross motion to dismiss the petition, and directed DFS and third-party administrator Alicare to enroll B.L. in the Fund and provide him all benefits to which he is entitled, retroactive to January 11, 2016, unanimously affirmed, without costs.
Supreme Court erroneously concluded that DFS lacked exclusive statutory authority to determine whether petitioner B.L. was a "qualified plaintiff" eligible for enrollment in the Fund, as the plain language of multiple provisions of the governing statute, Public Health Law 29-D, Title 4, shows otherwise (see e.g. Public Health Law § 2999-j[6][a], [7]), as do the implementing regulations (see e.g. 10 NYCRR 69-10.2[b]). The settlement agreement was a necessary prerequisite to Fund eligibility, but not sufficient, and DFS, moreover, was not a party to the underlying malpractice proceedings or settlement (cf. Joyner-Pack v State of New York, 38 Misc 3d 903 [Ct Cl 2012]).
However, we agree with Supreme Court that DFS's determination that B.L. was ineligible to enroll in the Fund was affected by an error of law. Where the matter "involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom" the agency charged with administration of the statute is entitled to deference, and its interpretation will be upheld if not irrational or unreasonable (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980] [internal citation omitted]). However, as Supreme Court correctly found, DFS was not entitled to deference because the issue involved " the interpretation of statutes and pure questions of law'" (Matter of DeVera v Elia, 32 NY3d 423, 434 [2018] [internal citation omitted]).
Supreme Court correctly interpreted the relevant provisions of the Public Health Law. " As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof'" (id. at 435 [internal citation omitted]). Contrary to DFS's argument, the Fund statutes do not limit enrollment eligibility to instances where plaintiff's birth-related injury was caused by medical malpractice during labor, delivery, resuscitation or a delivery admission. Rather, the [*2]plain language of the pertinent provisions of the Public Health Law requires that the injury take place in the course of labor, delivery or resuscitation. DFS should not have disqualified B.L. on grounds that the alleged malpractice occurred in the course of his mother's prenatal treatment, since the injuries he claimed to have suffered occurred at the time of birth. There are no allegations or findings that B.L. was deprived of oxygen or otherwise injured at any time before he was in the process of being born.
Moreover, because the alleged malpractice need not have taken place during the delivery admission, DFS's extraterritoriality concerns are resolved, and we see no need to remit the matter for further proceedings before DFS to address this issue. We reject DFS's argument that it had no occasion to address the extraterritoriality issue when it chose not to do so in its denial. In any event, as a matter of statutory interpretation, B.L.'s premature birth at a Connecticut hospital does not affect his eligibility for enrollment in the Fund as a "qualified plaintiff." The malpractice claims here were asserted against and settled by New York entities and a New York doctor, and the Fund's payments will, as contemplated by the Legislature, alleviate those New York defendants' malpractice insurance costs.
Supreme Court properly directed enrollment in the Fund upon annulling DFS's determination of B.L.'s ineligibility, and did not err by failing to allow DFS to submit an answer to the petition. DFS clearly informed the article 78 court of its arguments in its affirmation in support of its cross motion to dismiss the petition (see Matter of Hawkins v New York City Tr. Auth., 26 AD3d 169, 170 [1st Dept 2006]; Matter of Davila v New York City Hous. Auth., 190 AD2d 511, 512 [1st Dept 1993], lv denied 87 NY2d 801 [1995]). DFS has not identified any factual issues in dispute after having reviewed both B.L.'s medical records and his Fund application. DFS's vague reference to "open questions" in its reply brief is a not a reference to factual questions. Rather, it is a reference to legal arguments arising from its erroneous interpretation of the Public Health Law. DFS's opportunity to present evidence that B.L.'s deprivation of oxygen at the time of birth was caused by malpractice that occurred prior to birth, would be unavailing, as the plain language of Public Health Law § 2999-h(1) makes clear that B.L.'s "birth related neurological injury" was established by the deprivation of oxygen "occurring in the course of labor, delivery or resuscitation"
We interpret Supreme Court's directive to enroll B.L. in the Fund as a directive to DFS and third-party administrator Alicare to take all the necessary ministerial steps to process B.L.'s Fund application as a "qualified plaintiff" (see Matter of Spencer-Cedeno v Zucker, 161 AD3d 534 [1st Dept 2018]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK